UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER TALLEY, <br><br> Plaintiff, <br><br> v. <br><br> DR. RAJIV SHAH, Administrator, United States Agency for International Development, <br><br> Defendant. | Civil Action No. 11-01510 (CKK) |

**MEMORANDUM OPINION**
(July 23, 2012)

Plaintiff Christopher Talley ("Talley") brings this action *pro se* against the Administrator of the United States Agency for International Development ("USAID"), alleging that he was discriminated against on the basis of his race, gender, and protected activity in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Currently before the Court is USAID's [9] Motion to Dismiss or, in the Alternative, Motion for Summary Judgment ("Motion for Summary Judgment"). Upon careful consideration of the parties' submissions, the relevant authorities, and the record as a whole, USAID's Motion for Summary Judgment shall be GRANTED.

**I.  BACKGROUND**

Talley commenced this action on August 22, 2011, claiming that he was "employed by USAID as a 'Health Commodity and Logistics Advisor' on a contract basis from February 2009 through September 2010" until he was "terminated . . . based on his race, gender and the protected activity of opposing discrimination in the workplace in violation of . . . Title VII." Compl., ECF No. [1], ¶¶ 9, 32.

USAID filed its Motion for Summary Judgment on January 6, 2012.  *See* Def.'s Stmt. of Facts as to which There is No Genuine Dispute, ECF No. [9-1]; Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J., ECF No. [9-2].  The Court then issued an order in accordance with *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) and *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), advising Talley of the consequences of failing to respond to USAID's motion or failing to respond in the appropriate manner.  *See* Order (Jan. 9, 2012), ECF No. [10].  Among other things, the Court called Talley's attention to Local Civil Rule 7(h)(1), which provides that "[i]n determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."  LCvR 7(h)(1).  The Court also issued a separate procedural order advising Talley of the requirements for briefing motions generally and motions for summary judgment specifically.  *See* Scheduling & Procedures Order (Jan. 9, 2012), ECF No. [11], ¶¶ 5-6.  Among other things, the Court warned Talley that "where a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded."  *Id.* ¶ 5(c).  The Court also reiterated that "[t]he Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such facts are controverted in the statement filed in opposition to the motion."  *Id.* ¶ 6(d).

Talley filed his Opposition on January 23, 2012.  *See* Mot. [sic] in Opp'n to Mot. to Dismiss & Summ. J. ("Pl.'s Opp'n"), ECF No. [12].  Talley's nine-page Opposition includes an introductory paragraph, a paragraph-by-paragraph response to USAID's statement of material facts, a recitation of the relief requested in the Complaint, and a series of exhibits.

USAID filed its reply on February 17, 2012. *See* Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J., ECF No. [15]. The motion is therefore fully briefed and ripe for adjudication. In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering a decision. *See* LCvR 7(f).

## II.  LEGAL STANDARD

Athough styled in the alternative as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), USAID's motion turns upon consideration of materials that are outside the scope of the pleadings. Both parties effectively treat the motion as one for summary judgment. Indeed, Talley relies heavily on materials that are outside the scope of the pleadings in his Opposition. He does not suggest that he "cannot present facts essential to justify [his] opposition. FED. R. CIV. P. 56(d). Accordingly, the Court shall treat the motion solely as one for summary judgment.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and [that it] . . . is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a "material" fact. *Id.* Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Nor may summary judgment be avoided based on just any disagreement as to the relevant facts; the dispute must be "genuine," meaning that there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant. *Id.*

In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to specific parts of the record—including deposition testimony, documentary evidence, affidavits or

declarations, or other competent evidence—in support of his position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute.  FED. R. CIV. P. 56(c)(1).  Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute sufficient to survive summary judgment.  *Ass'n of Flight Attendants-CWA, AFL-CIO v. U.S. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009).  Moreover, where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion."  FED. R. CIV. P. 56(e).

      When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in his favor.  *Liberty Lobby*, 477 U.S. at 255.  If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate.  *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009).  In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Liberty Lobby*, 477 U.S. at 251-52.  In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); "[i]f the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted," *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted).

      While "[a]ll pleadings shall be so construed as to do substantial justice," FED. R. CIV. P. 8(f), pleadings filed by a party proceeding *pro se* must be "liberally construed," *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quotation marks omitted).  For example, where a *pro se* party has filed multiple submissions, the district court must generally consider those filings together and as a whole.  *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).  However, even with the liberality afforded *pro se* pleadings, the district court "need not accept inferences unsupported by the facts alleged in the complaint or legal conclusions cast in the form of factual allegations."  *Kaemmerling v. Lappin*, 553 F.3d 669, 667 (D.C. Cir. 2008) (quotation marks omitted).

### III.  DISCUSSION

Talley claims that he was "terminated . . . based on his race, gender and the protected activity of opposing discrimination in the workplace in violation of . . . Title VII."  Compl. ¶ 32.  Talley references Title VII no less than eight times in his Complaint, but the provisions he relies upon all require a plaintiff to be "in a direct employment relationship with a government employer."  *Spirides v. Reinhardt*, 613 F.2d 826, 829 (D.C. Cir. 1979); *see also* 42 U.S.C. § 2000e(f).  Talley does not meet this threshold requirement because he readily admits that he was employed not by USAID, but rather by non-party Public Health Institute ("PHI") as part of its Global Health Fellows Program.  *See* Pl.'s Opp'n at 1 ("I was an employee of the Public Health Institute and the Global Health Fellows Program . . . .").

Even absent this admission, Talley has failed to contest the USAID's showing that the "economic realities" of his employment demonstrate that he was employed by PHI and not USAID.  *See Spirides*, 613 F.2d at 831 ("[D]etermination of whether an individual is an employee . . . for purposes of the Act involves . . . analysis of the 'economic realities' of the work relationship.") (citation omitted); *see also* Def.'s Mem. at 9-12.  Talley was warned that "when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments

raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004); *accord Lewis v. District of Columbia*, No. 10-5275, 2011 WL 321711, at *1 (D.C. Cir. Feb. 2, 2011) (*per curiam*). The Court exercises its discretion to treat the USAID's "economic realities" argument as conceded.

Because Talley cannot recover against USAID under Title VII, USAID's Motion for Summary Judgment shall be GRANTED. *See Harris v. Attorney General of the United States*, 657 F. Supp. 2d 1, 8 (D.D.C. 2009) ("[D]efendant's status as an 'employee' within the meaning of 42 U.S.C. § 2000e [is] a question that [goes] to the merits of the case, not a jurisdictional question.") (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006)).

\* \* \*

The foregoing analysis is fully dispositive of this case because the only claim identified in the Complaint arises under Title VII. The Court nonetheless pauses to make two observations.

First, the introductory paragraph to the Complaint includes a stray reference to "retaliation for whistle blowing [sic] activity." Compl. ¶ 1. Because Talley speaks only of "opposing discrimination" when identifying his claim, *id.* ¶ 32, and because Talley characterizes his claim as one for "discrimination in employment" in his Opposition, *see* Pl.'s Opp'n at 1, the Court does not construe this stray reference as asserting a stand-alone claim for "whistle blowing [sic] activity," *id.*¶ 1. But even assuming, for the sake of argument, that Talley intended to assert a claim under the federal Whistleblower Protection Act, that claim would also fail because that statute similarly requires a plaintiff to establish a direct employment relationship as a precondition to recovery. *See* 5 U.S.C. § 2302(b)(8).

Second, the introductory paragraph to Talley's Opposition includes a stray reference to 42 U.S.C. § 1983 ("Section 1983"). *See* Pl.'s Opp'n at 1. But Talley's Complaint does not identify Section 1983 as a basis for relief and "[i]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003) (quotation marks omitted). However, even assuming counterfactually that Talley had asserted a Section 1983 claim in his Complaint, Talley cannot recover against USAID's Administrator under Section 1983 because "Section 1983 does not apply to federal officials acting under color of federal law." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). Furthermore, the Court does not construe Talley's stray reference to Section 1983 as asserting a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but it is doubtful in any event that a *Bivens* claim could be asserted in this context as Congress has already crafted a comprehensive statutory scheme. *See, e.g.*, *Bush v. Lucas*, 462 U.S. 367, 388-89 (1983). Regardless, the only named defendant in this case is USAID's Administrator and the Complaint is devoid of any allegation that the Administrator personally engaged in wrongful conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

### IV.  CONCLUSION

For the reasons set forth above, USAID's [9] Motion for Summary Judgment shall be GRANTED. An appropriate Order and Judgment accompanies this Memorandum Opinion.

Date:  July 23, 2012                                           _____/s/_____
                                                                              **COLLEEN KOLLAR-KOTELLY**
                                                                              United States District Judge